# M E M O R A N D U M

Re: Joseph A. Camp

Case No. 10-00318-01-CR-W- BCW

## Violation Report - Warrant Recommended/Request for Transfer of Jurisdiction

May 1, 2014

TO THE HONORABLE BRIAN C. WIMES
U.S. DISTRICT JUDGE:

### Sentencing History

Offense: Conspiracy to Commit Fraud Involving Computers

| | | | |
|---|---|---|---|
| Date Sentence Imposed: | 6/19/2013 | Sentence Imposed: | 36 months custody<br>12 months TSR<br>$100 MSA<br>$61,500 restitution |

Special Conditions:
 Financial Restrictions for Term of Obligation
 Financial Disclosure
 Pay Restitution Prior to the Final 6 Months of Supervision
 Substance Abuse Testing
 Mental Health Treatment
 Search and Seizure
 No Contact with University of Central Missouri or Entry onto Premise

Date Supervision Began:   7/18/2013   Expiration Date:   7/17/2014

### Alleged Violation

**Violation of Standard Condition**, which reads, "The defendant shall notify the probation officer ten days prior to any change in residence or employment."

**Violation of Standard Condition**, which reads, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

Camp has been supervised by the Northern District of New York since the onset of supervision. On August 15, 2013, Camp was instructed by the supervising officer to notify her of his whereabouts, if he stayed anywhere other than his primary residence.

On April 2, 2014, the supervising district received information that a temporary restraining order was issued against Camp by a court in Ventura, California. Law enforcement officials confirm efforts to serve the orders of protection on Camp at his residence were unsuccessful. The supervising officer was advised by Camp that he was aware that law enforcement officials were attempting to locate him in order to serve orders of protection. Camp indicated to the supervising officer he would proceed to the local Sheriff's office to accept service; however, he never followed through to accept service of the protection orders.

On April 15, 2014, the supervising district attempted to locate Camp at his residence, and received information from two fellow residents that Camp had not stayed there for several days and his whereabouts were unknown. Camp had communicated with one of the residents that he was staying in various undisclosed locations because he was fearful of the individuals he alleged were threatening him. A review of his living area revealed some of his belongings were in the room, but his computer and phone were not present. Notably, documentation from law enforcement officials related to their attempts to locate Camp was posted on the door to Camp's room. Camp's whereabouts were unknown to the supervising officer until his arrest on April 22, 2014, on a supervised release warrant from the Western District of New York (Case No. 6:10-CR-06186-001). Camp was arrested at his residence by the U.S. Marshal Service.

### Violation of Mandatory Condition, which reads, "The defendant shall not commit another federal, state, or local crime."

Camp has been supervised by the Northern District of New York since the onset of supervision. Since November 2013, the supervising district has received information from various individuals complaining of Camp's online behavior, which is described as argumentative, harassing, and stalking. As a result of this conduct Jay Leiderman filed for and received a Workplace Violence Restraining Order against the defendant in Ventura Superior Court, Ventura California, due to expire on April 30, 2017. A second individual, Kristen Olson, also filed for and received a Temporary Injunction for Protection Against Stalking in the Circuit Court of the Twentieth Judicial Circuit for Lee County, Florida.

The conduct alleged in the Temporary Restraining Order and the Temporary Injunction for Protection Against Stalking are violations of the New York State Penal Law section 240.25 Harassment in the first degree (a class B misdemeanor) and section 240.30 aggravated harassment in the second degree (a class A misdemeanor).

### Previous Violations in Instant Supervision

None.

### Supervision Adjustment

Camp has been residing at 114 ½ Williams Street, Groton, New York. He is unemployed and is being financially supported by 107th Psalm Christian Family. In October 2013, he completed a mental health evaluation which diagnosed him as narcissistic personality disorder with antisocial features. Reportedly, he was not identified as a good candidate for psychotherapy due to his concern that his mental health treatment would be used against him. Camp has paid a total of $800 toward restitution, and has an outstanding balance of $60,700.

Additional noteworthy conduct:

In November 2013, Assistant U.S. Attorney Wolesky of the Western District of Missouri reported to the supervising district (Northern District of New York) that he had been contacted by a group referred to as "The Hackers," complaining about Camp's online behavior, which was described as argumentative and stalking. No charges have filed related to the allegations.

In December 2013, the Groton, New York, Police Department notified the supervising officer that individuals were making allegations Camp was making threats on Twitter. On December 18, 2013, Camp was interviewed regarding the allegations. He denied engaging in any inappropriate or harassing behavior online. Camp alleged he was being victimized by members of the Rustle League because he had intervened on behalf of a female who was being bullied online. Camp reported that his Twitter accounts had been hacked and his mental health report had been posted online.

Around that same time, Kristen Olson, an attorney in Florida, contacted the supervising officer and explained she met Camp online a few months earlier. She advised Camp helped support a rape victim who was being bullied and that Camp stood up to online bullies, including individuals from the Rustle League. Olson expressed her support of Camp's assistance in dealing with online bullies.

During January 2014, the supervising office continued to receive numerous allegations from a variety of individuals that Camp was engaging in criminal activity and/or violations of supervised release by engaging in stalking and harassing behavior online. Also in January, the supervising officer received communication from another attorney, Sue Basko, of California, in support of Camp because he was being victimized by members of the Rustle League and others. Camp maintained he was being harassed and threatened. Again, Camp denied he had engaged in any illegal or violation conduct.

In January 2014, Jay Leiderman, an attorney in California, alleged he has been stalked and harassed by Camp. Leiderman stated he did not want to make an FBI report but he wanted Camp to stop the harassment. Camp denied all allegations against him. In mid-January 2014, the Groton Police Department received a complaint from Leiderman alleging Camp was engaging in online bullying and harassment. After consultation with the Tompkins County District Attorney's Office, no charges were filed against Camp.

Based on the voluminous information and allegations being received about Camp, the supervising probation office consulted with the Federal Bureau of Investigations (FBI) about the situation and received assistance in reviewing the information received about Camp. At that time, it did not appear to contain any evidence to support the allegations being made against Camp.

The supervising probation office continued to receive information about Camp's online activities. Basko and Olson, who had previously supported Camp notified the probation officer of their intention to stop dealing with Camp. Basko and Olson expressed concern about his refusal to accept suggestions about his online behavior, which appeared to be escalating.

Leiderman and Olson notified the probation office of their efforts to obtain orders of protections against Camp. They both alleged that Camp was engaged in online harassment of them, including posting personal information about their families. On April 2, 2014, Leiderman advised a temporary restraining order had been issued against Camp by the court in Ventura, California. Law enforcement officials confirm efforts to serve the orders of protection on Camp at his residence have been unsuccessful.

**Recommendation**

In consideration of the above noted violations, it is respectfully recommended that a supervised release warrant be issued for the arrest of Camp so that he may appear before the Court to answer to the alleged violations.

Camp has resided in the Northern District of New York since the onsite of supervision and he does not have ties to the Western District of Missouri. He is currently in custody on a supervised release violation in the Western District of New York (Case No. 6:10-CR-06186-001). It is recommended his case be transferred to the Western District of New York, so that both supervised release violations can be addressed by one U.S. District Court.

Assistant U.S. Matthew Wolesky, has been notified of this violation and agrees with the recommendation.

Should the Court concur, the appropriate order and transfer paperwork has been attached. Should the Court desire other action, please advise.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Angelique Johnson
U.S. Probation Officer

AJ:aj
cc: Matthew Wolesky, Assistant U.S. Attorney

Approved: _____, Supervisor